# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ERIC M. BARTELL and <br> LORI D. BARTELL, <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL PERSONAL <br> INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket No. 1:23-cv-00377-NT <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER ON PLAINTIFFS' MOTION TO REMAND

Before me is the Plaintiffs' motion to remand this case to state court (ECF No. 6). For the reasons stated below, the Plaintiffs' motion is **DENIED**.

## FACTUAL BACKGROUND[1]

The Plaintiffs, Eric and Lori Bartell, are a married couple living in Aroostook County, Maine. Am. Compl. ¶¶ 1–3 (ECF No. 1-2). On October 29, 2020, Eric applied for home insurance from Defendant Liberty Mutual Personal Insurance Company ("**LMPIC**"), which is organized under New Hampshire law and has its principal place of business in Massachusetts. Am. Compl. ¶¶ 4, 7. The cover letter for the policy issued to Eric Bartell has a Liberty Mutual Insurance logo in the top right corner but otherwise uses the name "Liberty Mutual." Pls.' Mot. to Remand Case to State Ct.

---

[1] For the purposes of this motion, the facts are drawn from the complaint and from evidence the parties have proffered in support of their arguments such as affidavits and other relevant materials. *See Egan, Flanagan & Cohen, P.C. v. Twin City Fire Ins. Co.*, 570 F. Supp. 3d 12, 14 (D. Mass. 2021); *O'Hara v. Amag Pharms., Inc.*, No. 23-cv-10487-ADB, 2023 WL 7116715, at *1 n.1 (D. Mass. Oct. 27, 2023).

("**Mot. to Remand**") Ex. L (ECF No. 6-12). The cover page on the policy has the Liberty Mutual Insurance logo at the top, uses the name "Liberty Mutual Group" at the bottom, and is called "LibertyGuard Deluxe Homeowners Policy." Mot. to Remand Ex. M (ECF No. 6-13).

On September 23, 2021, there was a house fire at the insured residence, which caused $504,433.50 in damages. Am. Compl. ¶¶ 13–14. The Bartells notified LMPIC, but LMPIC refused to and continues to refuse to pay for the loss. Am. Compl. ¶ 16.

In trying to get LMPIC to cover their claim, the Plaintiffs and their attorney had contact with LMPIC's attorneys. Mot. to Remand 1–3 (ECF No. 6). On December 10, 2021, one of LMPIC's attorneys, Timothy Tapply, sent a letter to Lori Bartell that said: "Please be advised that our firm has been retained by Liberty Mutual Insurance (hereinafter 'Liberty Mutual') to assist in the insurer's investigation of the above-referenced claim." Mot. to Remand 3 & Ex. I (ECF No. 6-9). Tapply sent a letter with similar language to the Plaintiffs' attorney on December 12, 2022. Mot. to Remand 3 & Ex. J (ECF No. 6-10). In a criminal case related to this case, an attorney filed a motion to quash a subpoena on February 10, 2023, identifying himself as "Attorney for Liberty Mutual Insurance Company." Mot. to Remand 3 & Ex. K (ECF No. 11).

On August 14, 2023, the Plaintiffs filed a complaint in Maine Superior Court in Aroostook County, naming Liberty Mutual Group, Inc. ("**LMG**") as the defendant. Mot. to Remand 1; Summons and Compl. (ECF No. 1-1). The original complaint alleges that LMG is organized under Maine law and has its principal place of business in Augusta, Maine, Summons and Compl. ¶ 4, although the Defendant here

submitted an affidavit that LMG is a Massachusetts company. LMPIC's Opp'n to Pls.' Mot. to Remand ("**Def.'s Opp'n**") 7 (ECF No. 10) & Ex. 2 ¶ 4 (ECF No. 10-2). LMG is a separate legal entity from LMPIC and the two are not corporate successors. Def.'s Opp'n 7 & Ex. 2 ¶¶ 3, 6.  The complaint was served on LMG on August 15, 2023. Mot. to Remand 1 & Ex. A, at 2 (ECF No. 6-1).

On August 23, 2023, LMG's attorney, Elizabeth A. Reidy, contacted the Plaintiffs' attorney, asking for an extension of time to file a responsive pleading to the complaint. Mot. to Remand 1 & Ex. B, at 1 (ECF No. 6-2). Two days later, another attorney from LMG's law firm, Laura J. Lee, filed and served an unopposed motion for enlargement of time, which stated, "By seeking this extension, Liberty Mutual makes no admission regarding whether it is a correctly named party in this matter, which will be explored and discussed with Plaintiffs' counsel in due course." Mot. to Remand 2 & Ex. C, at 1 n.1 (ECF No 6-3).

Sometime that same week, Attorney Reidy called Plaintiffs' counsel, asking him to stipulate to dismissal of the case without prejudice, as she stated that LMPIC, not LMG, was the correct defendant. Mot. to Remand 2 & Ex. D (ECF No. 6-4). Plaintiffs' counsel responded by suggesting that the parties file a motion for substitution of parties. Mot. to Remand 2 & Ex. E (ECF No. 6-5). Reidy replied that LMG "prefer[red] a clean dismissal and re-filing to avoid any confusion as to the appropriate defendant and correct jurisdictional allegations." Mot. to Remand 2 & Ex. F (ECF No. 6-6).

On September 19, 2023, Plaintiffs' counsel mailed the state court a motion to amend the complaint to change the name of the defendant from LMG to LMPIC. Mot. to Remand 2 & Ex. G (ECF No. 6-7). Attorney Lee accepted service of the amended complaint the next day. Mot. to Remand 3 & Ex. H (ECF No. 6-8). On October 5, 2023, LMPIC removed the case to this Court. Notice of Removal (ECF No. 1).

The Plaintiffs attach search results for "Liberty Mutual" on the Maine Bureau of Corporations website, which show only one entity containing the words, "Liberty Mutual Group Inc." Mot. to Remand 4 & Ex. N (ECF No. 6-14). The information summary for LMG on the website states that it is a Massachusetts corporation in good standing in Maine. Mot. to Remand 4 & Ex. O (ECF No. 6-15).

## LEGAL STANDARD

" 'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.' " *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Perry v. Alexander*, No. 1:14-cv-445-GZS, 2015 WL 1206363, at *2 (D. Me. Mar. 17, 2015) (quoting *Kokkonen,* 511 U.S. at 377).

"The removal of state court cases to federal court is governed by 28 U.S.C. §§ 1441 and 1446." *Id.* Section 1446(b) provides:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days

4

after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

. . .

(2)(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1)–(3). Federal courts may remand cases removed from state court upon the motion of a party pursuant to 28 U.S.C. § 1447(c). *U.S. Bank N.A. as Tr. for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2005-4 v. Janelle*, No. 2:20-cv-00337-JAW, 2021 WL 139993, at *3 (D. Me. Jan. 14, 2021).

"[T]he removing defendant bears the burden of establishing not only that" the case was properly removed and may remain in federal court, "but also that removal was filed timely." *Perry*, 2015 WL 1206363, at *2 (quoting *Danca v. Priv. Health Care Sys., Inc.,* 185 F.3d 1, 4 (1st Cir. 1999)); *Weitman v. Tutor*, 588 F. Supp. 2d 133, 136 (D. Mass. 2008). Doubts about whether removal was proper are construed against the removing party. *Weitman*, 588 F. Supp. 2d at 136.

## DISCUSSION

The dispute in this case centers around the removal deadline. According to the Plaintiffs, LMPIC's removal was untimely because the removal deadline was September 14, 2023, thirty days after the initial complaint was served on LMG on August 15, 2023. Mot. to Remand 4. They argue that this is a case involving a simple misnomer. Mot. to Remand 6–7. According to LMPIC, the case became removable on September 20, 2023, when LMPIC received service of the amended complaint that named it as a party in the action for the first time. Def.'s Opp'n 2. As such, LMPIC believes its October 5, 2023 removal was timely. Def.'s Opp'n 10. LMPIC contends that this case involves a *misidentification* rather than a simple misnomer. Def.'s Opp'n 4–8.

In situations where the complaint does not state the correct party, courts have recognized a difference between misnomers and misidentifications. *See, e.g.*, *Ki Beom Kim v. Dyna Flex, Ltd.*, 525 F. Supp. 3d 999, 1003 (E.D. Mo. 2021); *Bozonier v. Monaco Parkway Fee Owner LLC*, No. 20-cv-01280-PAB, 2021 WL 567864, at *2 (D. Colo. Feb. 16, 2021); *Guerrero v. Cox Operating, LLC*, No. 18-6679, 2018 WL 4484461, at *3 (E.D. La. Sept. 19, 2018); *I.D. Tech., LLC, v. Paul Leibinger Numbering, Mach. Ltd. P'ship*, No. 3:12-cv-2646-B, 2013 WL 105361, at *2 (N.D. Tex. Jan. 8, 2013). A misnomer occurs "when the correct party is misnamed but served with notice of the suit, while misidentification 'arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity.'" *Guerrero*, 2018 WL 4474461, at *3 (quoting *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 438–39 (5th Cir. 2014)).

Misnomer cases arise in a few different situations. One is where the correct party was served but the complaint named their trade name, a company that did not exist, or their predecessor, so that it was clear the proper defendant understood the suit was against them. *See Howell v. Forest Pharms., Inc.*, No. 4:15-CV-1138 (CEJ), 2015 WL 5561838, at *2–3 (E.D. Mo. Sept. 21, 2015); *Gates v. Crescent Hotels & Resorts, LLC*, No. 13-00149-KD-B, 2013 WL 3199823, at *5 (S.D. Ala. June 24, 2013); *Ware v. Wyndham Worldwide Inc.*, No. 09–6420, 2010 WL 2545168, at *5 (D.N.J. June 18, 2010*)*; *Myers v. Shoppers Food Warehouse*, No. AW-08-2190, 2008 WL 11367538, at *2–3 (D. Md. Dec. 17, 2008); *Hillberry v. Wal-Mart Stores E., L.P.*, No. 3:05CV-63-H, 2005 WL 1862087, at *1 (W.D. Ky. Aug. 3, 2005); *Iulianelli v. Lionel L.L.C.*, 183 F. Supp. 2d 962, 968 (E.D. Mich. 2002); *Brizendine v. Cont'l Cas. Co.*, 773 F. Supp. 313, 315–16 (N.D. Ala. 1991); *Jacobson v. Holiday Travel, Inc.*, 110 F.R.D. 424, 426 (E.D. Wis. 1986). Another situation is where the actual defendant filed responses to the original, incorrect complaint as if the distinction did not matter. *See Lee v. Food Lion, LLC*, No. 4:12cv142, 2013 WL 588767, at *3 (E.D. Va. Feb. 13, 2013); *Ware*, 2010 WL 2545168, at *6. Some misnomer cases have also involved strong record evidence that the correct defendant was aware of the lawsuit from the beginning but was acting improperly by adopting a "wait and see approach" as to whether to remove the case to state court, causing serious delay to the case. *See Brown v. N.J. Mfrs. Ins. Grp.*, 322 F. Supp. 2d 947, 950–53 (M.D. Tenn. 2004); *see also Sanchez v. Truland Serv. Corp*, No. AW-09-804, 2009 WL 10687227, at *2 (D. Md. May 21, 2009); *Meyers*, 2008 WL 11367538, at *2–3.

In misnomer cases, the 30-day removal clock starts running upon service of the initial pleading, not upon service of the amended pleading correcting the defendant's name. *Toney v. Rimes*, No. 16-736-JJB-RLB, 2017 WL 834985, at *4 (M.D. La. Feb. 9, 2017), *R&R aff'd*, 2017 WL 830971. This requires that the correct defendant received service of the complaint. *See Hughen v. BHG Nashville #1, LLC*, No. 3:20-cv-00236, 2020 WL 2557961, at *8 (M.D. Tenn. May 20, 2020); *Robinson v. Dolgencorp, LLC*, No. 13-cv-0001-CVE-FHM, 2013 WL 789611, at *3 (N.D. Okla. Mar. 4, 2013); *Lee*, 2013 WL 588767, at *3; *Ware*, 2010 WL 2545168, at *4.

On the other hand, in misidentification cases, the removal clock does not start running for the correct defendant until it receives service. *See, e.g.*, *Guerrero*, 2018 WL 4484461, at *3. This is because misidentification cases involve two separate legal entities. *See id.* at *2–3; *Hersh v. Econ. Premier Assurance Co.*, No. 09-cv-00782-CMA-MJW, 2009 WL 2762728, at *2–4 (D. Colo. Aug. 25, 2009). Unless there is some reason to disregard the separate corporate forms, this rule holds even if the entities are affiliated or share the same address, managers, defense counsel, or registered agent. *See DeBower v. Spencer*, No. 21-cv-2010-KEM, 2021 WL 7186127, at *3 (N.D. Iowa Apr. 20, 2021); *Kim*, 525 F. Supp. 3d at 1003–04; *Bozonier*, 2021 WL 567864, at *1–2; *Guerrero*, 2018 WL 4484461, at *2; *Robinson*, 2013 WL 789611, at *2; *Hersh*, 2009 WL 2762728, at *2. The rule also applies even if the correct party becomes aware of the case before being properly served. *See Robinson*, 2013 WL 789611, at *3; *Fenwick v. Nationwide Mut. Ins. Co.*, No. 2:09–CV–572 TS, 2009 WL 3246757, at *1–2 (D. Utah Oct. 6, 2009). Courts have reasoned that this rule is required to comport with

the Supreme Court's holding that formal service of process is required to trigger the 30-day countdown to file a notice of removal. *See Kim*, 525 F. Supp. 3d at 1004; *Robinson*, 2013 WL 789611, at *3; *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 348 (1999); *cf. Novak v. Bank of N.Y. Mellon Tr. Co.*, 783 F.3d 910, 911, 914 (1st Cir. 2015) (holding that while the removal period does not begin to run until a defendant has been served, a defendant may remove before being served).

This case involves a misidentification, not a misnomer, so LMPIC timely removed the case to this Court. LMPIC and LMG are separate legal entities and organized under the laws of different states, despite having the same defense counsel. The Plaintiffs' reliance on *Iulianelli* is misplaced because that case involved naming the predecessor company and serving its successor such that the two could hardly "be considered separate entities." *See* 183 F. Supp. 2d at 965. There is also no evidence that LMPIC was acting in bad faith by adopting a wait-and-see approach; rather, its counsel worked with the Plaintiffs to identify the correct defendant and figure out the most appropriate course of action.[2]

There was admittedly some room for confusion in this case. First, the excerpts of the insurance policy attached as exhibits to the Motion to Remand contain the

---

[2] I also note that it may not have been obvious that the case was removable from the start. *See Monaco v. Allstate Fire & Cas. Ins. Co.*, No. SA-20-CV-00721-XR, 2020 WL 6580568, at *6 (W.D. Tex. Aug. 24, 2020). The original complaint alleged that the Bartells were Maine residents and that Liberty Mutual Group was organized under Maine law and had its principal place of business in Augusta. Summons and Compl. ¶¶ 1–2, 4 (ECF No. 1-1). Therefore, it seems innocuous that the attorneys representing the Liberty Mutual companies did not immediately remove the case and instead reserved additional time to figure out whether the appropriate entity was being sued.

9

names "Liberty Mutual," "Liberty Mutual Group," and "Liberty Mutual Insurance." But the exhibits to the Amended Complaint, including the entire homeowners policy, are consistent in showing that LMPIC was responsible for the policy, so this is not a case where the true identity of the company was hidden. *See* Am. Compl. at 31, 38–39, 110, 117, 121–22, 126, 286. The Plaintiffs also point out that LMPIC's lawyers did not specifically refer to themselves as attorneys for LMPIC but "Liberty Mutual Insurance" or "Liberty Mutual Insurance Company" in corresponding with the Plaintiffs and their attorney months before the start of this case. Mot. to Remand 3, 6. Even though the attorneys referred to the more general "Liberty Mutual" name, this is different than misnomer cases because those involved situations where a plaintiff sued a company under its trade name but actually served the proper defendant or where the correct defendant adopted the incorrect name. *See, e.g.*, *Meyers*, 2008 WL 11367538, at *3; *I.D. Tech.*, 183 F. Supp. 2d at *3. Here, the Plaintiffs did not sue the general trade name, but instead—apparently based on a search of Maine's Bureau of Corporations website—targeted a totally different entity within the Liberty Mutual umbrella of companies to sue and served that company.

Because the Plaintiffs misidentified the correct defendant, LMPIC timely removed this case.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Plaintiffs' motion to remand (ECF No. 6).

SO ORDERED.

/s/ Nancy Torresen<br>United States District Judge

Dated this 13th day of March, 2024.