UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **ERIC M. BARTELL et al.,** )<br>)<br>**Plaintiffs** )<br>)<br>v. )<br>)<br>**LIBERTY MUTUAL PERSONAL** )<br>**INSURANCE COMPANY,** )<br>)<br>**Defendant** ) | No. 1:23-cv-00377-NT |

### ORDER ON MOTION TO STAY

Eric and Lori Bartell bring claims against Liberty Mutual Personal Insurance Company based on its alleged failure to reimburse them fully for the losses they suffered from a house fire. *See* Amended Complaint (ECF No. 1-2). Liberty Mutual moves to stay this matter pending related state court criminal proceedings against Eric for theft by insurance deception and perjury. *See* Motion (ECF No. 13). The Bartells oppose the proposed stay. *See* Opposition (ECF No. 19).

This Court possesses "the inherent power to stay proceedings for prudential reasons" such as the "pendency of a parallel or related criminal proceeding." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). "[W]hether or not to stay civil litigation in deference to parallel criminal proceedings is" a matter of the Court's discretion, but Liberty Mutual bears "a heavy burden" of showing "a clear case of hardship" entitling it to a discretionary stay. *Id.* (cleaned up).

The "factors that typically bear on the" decision whether to grant a motion to stay in circumstances like these are "[(1)] the interests of the civil plaintiff[s] in

1

proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff[s] should a delay transpire; [(2)] the hardship to the defendant, including the burden placed upon [it] should the cases go forward in tandem; [(3)] the convenience of both the civil and criminal courts; [(4)] the interests of third parties; . . . [(5)] the public interest[;] . . . [(6)] the good faith of the litigants (or the absence of it)[;] and [(7)] the status of the cases." *Id.*

I will address the factors that most bear on my decision.

To begin with, I readily accept that the Bartells have a strong interest in the swift resolution of this litigation. *See* Opposition at 3. The house fire that gave rise to their claims against Liberty Mutual occurred almost three years ago, and, according to them, they have yet to be made whole under the terms of the insurance policy at issue. To put off this case would undoubtedly prejudice them by keeping them in limbo for even longer.

But Eric has been indicted on charges of theft by insurance deception and perjury, and Liberty Mutual is a named victim in the indictment. *See* ECF No. 15-1. The insurance policy at issue excludes coverage in cases of fraud or concealment. *See* ECF No. 8-1 at 40. In such circumstances, Liberty Mutual would face a clear hardship if it were forced to litigate this case in parallel to a criminal case that, if it ends in Eric's conviction, could resolve or significantly narrow the issues in this case. *See Hanover Ins. Co. v. Hayward*, 464 A.2d 156, 160 (Me. 1983) ("[A] prior criminal conviction conclusively establishes all facts essential to the final judgment of conviction. . . . [A] final judgment of conviction in a criminal case is preclusive in favor

2

of a third party in a subsequent civil action against the defendant in that criminal case.").

Additionally, Eric has, by his own description, declined to submit to a second examination under oath by Liberty Mutual due to his ongoing criminal case, *see* Opposition at 3-4, which raises questions about how discovery could proceed in this case while the criminal case is ongoing. Based on my recent experience mediating discovery disputes in civil cases in this Court with related ongoing criminal cases in state court, it seems all but certain that disputes would arise if this case were permitted to proceed in tandem with the state court criminal case against Eric. It would therefore be more convenient and efficient for this Court to let the criminal case against Eric play out before this case goes forward.

Moreover, since Liberty Mutual's motion for a stay has been pending, Eric's criminal trial has been set for October 1, 2024.[1] *See* ECF No. 33-1. I realize that this trial date may not hold and that, depending on the result, an appeal might follow, but the fact that a trial has now been scheduled undercuts the Bartells' argument that it could take years for a trial to take place. *See* Opposition at 5.

Finally, although I understand the Bartells' frustration with the delay, I disagree with their contention that Liberty Mutual has demonstrated that it is proceeding in bad faith. *See* Opposition at 4-5. Rather, for the reasons discussed above, Liberty Mutual's motion appears to be made in good faith.

---

[1] I temporarily stayed the pretrial deadlines in this case pending resolution of the motion to stay. *See* ECF No. 29.

Given that the balance of the above factors favors Liberty Mutual's motion, I will **GRANT** it and **STAY** the case pending resolution of the state court criminal case against Eric. The Bartells shall file a status report as soon as the criminal case against Eric reaches a conclusion, at which time I will hold a conference of counsel and reestablish the scheduling order deadlines.

*SO ORDERED.*

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: July 23, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge